UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BROADCAST MUSIC, INC.; SONGS OF UNIVERSAL, INC.; RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC; EMI VIRGIN SONGS, INC. d/b/a EMI LONGITUDE MUSIC; HORNS R US MUSIC, INC.; EMI BLACKWOOD MUSIC, INC.; CONCORD MUSIC GROUP, INC. d/b/a JONDORA MUSIC,<br>     Plaintiffs,<br><br>    v.<br><br>TAVERN ON MAIN, INC. d/b/a RJ'S TAVERN ON MAIN; JOSEPH D. RYAN, individually,<br><br>     Defendants. | CIVIL ACTION NO.: |

**VERIFIED COMPLAINT**

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3.   Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 7.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.   The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.   Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6.   Plaintiff Rondor Music International, Inc. is a corporation d/b/a Irving Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7.   Plaintiff EMI Virgin Songs, Inc. is a corporation d/b/a EMI Longitude Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8.   Plaintiff Horns R Us Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9.   Plaintiff EMI Blackwood Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10.  Plaintiff Concord Music Group, Inc. is a corporation d/b/a Jondora Music.

This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Defendant Tavern On Main, Inc. is a corporation organized and existing under the laws of the state of Minnesota, which operates, maintains and controls an establishment known as RJ's Tavern On Main, located at 106 2nd Street East, Hastings, Minnesota 55033-1202, in this district (the "Establishment").

12. In connection with the operation of the Establishment, Defendant Tavern On Main, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

13. Defendant Tavern On Main, Inc. has a direct financial interest in the Establishment.

14. Defendant Joseph D. Ryan is an officer of Defendant Tavern On Main, Inc. with responsibility for the operation and management of that corporation and the Establishment.

15. Defendant Joseph D. Ryan has the right and ability to supervise the activities of Defendant Tavern On Main, Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

16. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 15.

17. Plaintiffs allege five (5) claims of copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI

Repertoire.  All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

18. Annexed to this Complaint as a schedule ("Exhibit A") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  Exhibit A contains information on the five (5) claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information (all references to "Lines" are lines on Exhibit A): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

19. For each musical composition identified on Exhibit A, the person(s) named on Line 3 was the creator of that musical composition.

20. For each work identified on Exhibit A, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of

Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

21.  For each work identified on Exhibit A, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on Exhibit A, on the date(s) listed on Line 7, Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

22.  For each work identified on Exhibit A, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

23.  The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

24.  Plaintiff BMI notified Defendants of their acts of infringement through the course of multiple letters and phone calls.  On multiple occasions, Plaintiff BMI spoke directly with Defendant Todd Powers regarding Defendants' infringement of Plaintiffs' copyrights.  Defendants continued to infringe Plaintiffs' copyrights with full knowledge of

their ongoing copyright infringement.  Defendants' actions constitute willful copyright infringement

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: April 8, 2013

By:  /s/William D. Schultz
William D. Schultz (MN# 323482)
Michael Erbele (MN# 393635)
Merchant & Gould P.C.
3200 IDS Center
Minneapolis, MN 55402
Tel 612-332-5300
wschultz@merchantgould.com
merbele@merchantgould.com

*Attorney(s) for Plaintiffs*

## VERIFICATION

STATE OF TENNESSEE   )
                    ) ss.:
COUNTY OF DAVIDSON)

Lawrence E. Stevens, being duly sworn, deposes and says:

I am an Assistant Vice President, General Licensing, for Plaintiff Broadcast Music, Inc. I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
Lawrence E. Stevens

Sworn to before me this
4th day of April 2013.

_____
Notary Public

My Commission Expires JULY 8, 2013